Hiram ASH, et al., Plaintiffs-Appellants,

v.

Eugene CVETKOV, et al., Defendants-Appellees.

Nos. 83–5972, 83–5983 and 83–6011.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1984.

Decided Aug. 6, 1984.

Dennis Slee, Charrow & Slee, Northridge, Cal., Stanley M. Clark, Beverly Hills, Cal., for plaintiffs-appellants.

Arnold Levin, Baltaxe, Rutkin & Levin, Beverly Hills, Cal., for defendants-appellees.

Before CHAMBERS, CHOY, and SKOPIL, Circuit Judges.

SKOPIL, Circuit Judge:

The district court dismissed this action without prejudice for failure to prosecute. We affirm.

## FACTS AND PROCEEDINGS BELOW

These consolidated cases arose out of a complex business arrangement, the nature of which is in dispute but is not the subject of this appeal. In 1978 Hiram and Joseph Ash (hereinafter collectively "Ash") turned over to Eugene Cvetkov $30,000 worth of gold, to be used as raw material in Cvetkov's jewelry manufacturing business. Lillian Callan similarly delivered $25,000

worth of gold. Western Management Corp. ("Western") apparently leased real property to Cvetkov, although the details of the relationship between Western and Cvetkov are not clear. Appellants Ash and Callan characterize their arrangement with Cvetkov as a "rental" of gold at a fixed monthly rate, with the condition that Cvetkov replace the gold as he used it in manufacturing so that the total gold reserves on hand would be constant. Cvetkov characterizes the arrangement as a loan at a usurious interest rate in violation of California law. Whatever the arrangement, it held together only for a few months. Cvetkov then fled California with the gold or its cash equivalent, allegedly in breach of the lease with Western.

Callan and Western assigned their claims to Ash for purposes of collection. In 1981 Ash brought actions against Eugene Cvetkov individually and doing business as Eugene Jewelry Manufacturing Co., his wife Kina Cvetkov, Explorer, Inc., and Hassayampa Mining Co., for breach of contract, fraud, and various other causes of action. The business defendants[1] are both claimed to be alter egos of Eugene Cvetkov. In each of the three actions default judgments were taken because the defendants failed to appear. The judgments totaled $336,000. Ash then attempted to collect the judgments. Liens were filed and various assets of Cvetkov were seized.

The defendants moved to quash service of process and to set aside the default judgments under Fed.R.Civ.P. 60(b). The district court denied the motion to quash against all defendants except Hassayampa Mining Co. ("Hassayampa"). It held that service on Hassayampa, a partnership, could not be accomplished by serving the wife (Kina) of its general partner (Eugene) unless a copy of the summons and complaint were also served by mail on the partnership or its general partner.

The district court granted the Rule 60(b) motions with regard to all defendants except Hassayampa.[2] In conjunction with the grant of the Rule 60(b) motions the court quashed all writs of execution against the property of the defendants.

Ash made various attempts to have the judgments reinstated, including petitioning for writ of mandamus and directly appealing to this court. On November 2, 1982 this court dismissed the appeals for lack of jurisdiction: "[T]he district court's orders are interlocutory and not appealable. The district court had the power to grant the Fed.R.Civ.P. 60(b) motion and the orders do not fit within the collateral order doctrine...." *Ash v. Cvetkov*, Nos. 83–5972/5983/6011 (order of Nov. 2, 1982). Mandamus was denied in the same order because Ash "failed to demonstrate that the district court's orders are clearly erroneous." *Id.* The United States Supreme Court denied certiorari on April 4, 1983. *Ash v. Cvetkov*, 460 U.S. 1072, 103 S.Ct. 1529, 75 L.Ed.2d 950 (1983).

On May 11, 1983 the district court issued an order under C.D.Cal.R. 10 to show cause why these cases should not be dismissed for lack of prosecution. Ash did not respond in writing and failed to appear at the show cause hearing. The district judge dismissed the cases without prejudice on May 26, 1983.

Ash appeals.

## DISCUSSION

1. Dismissal for Lack of Prosecution.

A. Standard of Review

A district court's order dismissing an action for lack of prosecution will be reversed only for an abuse of discretion. *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir.

---

1. Explorer, Inc. is an Arizona corporation in which both Eugene and Kina Cvetkov are officers and directors. Hassayampa Mining Co. is an Arizona partnership for which Eugene Cvetkov is the only general partner.

2. The court did not vacate the judgment as to defendant Hassayampa because it had already granted the motion to quash service upon Hassayampa.

1983). The district court dismissed these three cases without prejudice. Dismissal of an action without prejudice is appealable under 28 U.S.C. § 1291. *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794–95 n. 1, 69 S.Ct. 824, 825–26 n. 1, 93 L.Ed. 1042 (1949); *Davis v. Forestry Corp. v. Smith*, 707 F.2d 1325, 1326–27 n. 1 (11th Cir.1983).

### B. Merits

■ It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution. *Link*, 370 U.S. at 630, 82 S.Ct. at 1388. When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Ace Novelty Co. v. Gooding Amusement Co.*, 664 F.2d 761, 763 (9th Cir.1981); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.1976).

■ Only "unreasonable" delay will support a dismissal for lack of prosecution. *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980); *Air West*, 542 F.2d at 524. "Unreasonable delay creates a presumption of injury to appellees' defenses." *Alexander v. Pacific Maritime Association*, 434 F.2d 281, 283 (9th Cir.1970). However, "whether *actual* prejudice exists may be an important factor in deciding whether a given delay is 'unreasonable.'" *Citizens Utilities Company v. American Telephone & Telegraph Company*, 595 F.2d 1171, 1174 (9th Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979). Neither delay nor prejudice can be viewed in isolation. *Nealey*, 662 F.2d at 1280.

■ The district court gave no indication, either orally or in writing, that it considered the essential factors. No findings of fact or conclusions of law were prepared. Such findings, although they would obviously be very helpful on review, are not required. *Nealey,* 662 F.2d at 1281

n. 9; *Kung v. Fom Investment Corp.*, 563 F.2d 1316, 1318–19 (9th Cir.1977). When confronted with this situation we review the record independently in determining whether the district court abused its discretion. *See Ely Valley Mines v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310 (9th Cir.1981).

■ The longest it could be said that plaintiffs neglected their case was the six weeks between the time certiorari was denied and when the district court dismissed for failure to prosecute. Discounting the period between the time certiorari was denied and when that decision became final on April 29, 1983, the period shrinks to less than four weeks. That does not seem to be an unusual length of time to let a case sit, particularly where there is no evidence of prejudice to the defendants.

Cvetkov argues that the mere pendency of a law suit is prejudicial. While it may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal. Otherwise a delay of even one day would be justifiable grounds for dismissal for lack of prosecution. Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by "unreasonable" delays.

Although the period of delay in this case was not particularly lengthy we hold that it was not an abuse of the district court's discretion to dismiss for lack of prosecution. We do so for several reasons. First, the district court is in a much better position than we are to determine what period of delay can be endured before its docket becomes unmanageable. The pressing caseload in most district courts requires the cooperation of litigants in moving forward so that judicial resources are available to others. District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest.

Second, the dismissal in this case was without prejudice giving the plaintiff an

opportunity to return and prosecute his claims another day. Although a dismissal without prejudice is not entirely without danger to the rights of the plaintiff, as for example when statute of limitations or service of process problems are present, we find that dismissal without prejudice is a more easily justified sanction for failure to prosecute. A relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line.

Finally, we note that Ash was notified of the impending dismissal and given an opportunity to preserve his action by explaining the delay and going forward with the case. Ash failed to respond to the notice in any way. It was not an abuse of discretion for the district court to decide that the disinterest exhibited by Ash in relation to the notice was indicative of his interest in the entire case.

■ We come then to numerous other rulings by the district court which ordinarily we would review on the theory that interlocutory rulings otherwise unappealable merge into a final judgment and become reviewable. *Sackett v. Beaman,* 399 F.2d 884, 889 n. 6 (9th Cir.1968); *see Huey v. Teledyne, Inc.,* 608 F.2d 1234, 1240 (9th Cir.1979), *cert. denied,* 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982); *Edwin Raphael Company v. Maharam Fabrics Corp.,* 283 F.2d 310, 311 (7th Cir.1960); *Atchison, Topeka and Santa Fe Railway Co. v. Jackson,* 235 F.2d 390, 392 (10th Cir.1956). We are of the opinion that the general rule should not apply in this situation, however, and therefore decline to reach the issues presented by the interlocutory rulings of the district court.

This court faced a similar problem in *Huey v. Teledyne.* In *Huey,* the plaintiff's motion for class certification was denied. Denial of class certification is an unappealable interlocutory ruling in the absence of certification under 28 U.S.C. § 1292(b). Huey failed to make an appearance when his case was called for trial and the district court dismissed his case for lack of prosecution. This court reversed the dismissal

for lack of prosecution but declined to review the class certification question:

If a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened. This procedural technique would in effect provide a means to avoid the finality rule embodied in 28 U.S.C.A. § 1291. To review the district court's refusal ... is to invite the inundation of appellate dockets with requests for review of interlocutory orders and to undermine the ability of trial judges to achieve the orderly and expeditious disposition of cases.

*Huey,* 608 F.2d at 1239 (*quoting Sullivan v. Pacific Indem. Co.,* 566 F.2d 444, 445–46 (3d Cir.1977)). The court therefore created an exception to the merger rule when denial of class certification leads to the failure of individual class members to prosecute their individual claims. *Huey,* 608 F.2d at 1240; *accord Hughley v. Eaton Corp.,* 572 F.2d 556 (6th Cir.1978) (district court dismissed without prejudice and court of appeals affirmed but refused to review interlocutory decisions); *cf. Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.,* 393 F.2d 441 (2d Cir.) (choosing to review interlocutory order even though dismissal for lack of prosecution was without prejudice), *cert. denied,* 393 U.S. 846, 89 S.Ct. 131, 21 L.Ed.2d 117 (1968).

The policy discussed in *Huey* is applicable here. It would be unwise to encourage all would-be appellants from interlocutory orders to delay for the purpose of dismissal for lack of prosecution and review of otherwise unreviewable decisions. We agree with *Hughley v. Eaton Corporation* that the sufferance of dismissal without prejudice because of failure to prosecute is not to be employed as an avenue for reaching issues which are not subject to interlocutory appeal as of right. Unlike *Hughley,* we do not restrict our holding to circumstances indicating purposeful sufferance of dis-

missal. We hold that interlocutory rulings do not merge into a judgment of dismissal without prejudice for failure to prosecute whether the failure to prosecute is purposeful or is a result of negligence or mistake.

The dismissal of the action for failure to prosecute is AFFIRMED.