842 F.2d 1295
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 C. Douglas WIKLE, Trustee in Bankruptcy of Atlas
Prestressing Corp., Plaintiff- Appellant,
v.
VSL CORPORATION; Harold Long, Defendants-Appellees.
 No. 87-5579.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1988.
Decided: March 16, 1988.
 Before WALLACE, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-appellant C. Douglas Wikle (Wikle) appeals from the order of the district court dismissing his bankruptcy action against defendants-appellees VSL Corporation and Harold Long (collectively, VSL) for lack of prosecution. Wikle seeks reversal on the ground that the district court abused its discretion by failing to give adequate weight to the factors favoring a trial on the merits and by imposing the ultimate sanction of dismissal without considering the adequacy of less drastic measures. We disagree and affirm.
 
 I.
 
 3
 Wikle filed his complaint against VSL in the district court on December 7, 1978. The district court scheduled seven pretrial conferences between 1979 and 1982. Six were continued by stipulation. A pretrial conference was held in June of 1982. Because of disputes over the production of discovery material, and other matters, the parties were ordered to return to court on July 19, 1982 for a status conference. The parties appeared on July 19, 1982, but the scheduled conference was not held because the court was dark. In the ensuing four and one-half years Wikle took no formal action to schedule a pretrial conference. Specifically, no motions were filed requesting a date for a pretrial or status conference. Wikle's counsel asserts that he made many calls to the judge's chambers and spoke to his clerks in an attempt to schedule a pretrial or status conference. Counsel's declaration contains no dates nor does it identify the persons who were contacted. Because counsel's declaration concerning such contacts were not corroborated nor capable of verification, the district court did not abuse its discretion in giving little weight to such evidence. From June 1980 until June 1985, Wikle also delayed the prosecution of this action by failing to produce documents requested by VSL and by refusing to provide opposing counsel with convenient dates to depose Wikle's witnesses.
 
 
 4
 On June 17, 1985, the district court ordered Wikle to make his witnesses available. The parties were ordered to stipulate to a pretrial conference date. Wikle did not comply with this order. After the original trial judge assumed senior status, the case was assigned to another judge. On November 18, 1986, the district court ordered Wikle to show cause on December 15, 1986, why the matter should not be dismissed for lack of prosecution. The order of dismissal was entered on December 20, 1986.
 
 II.
 
 5
 We review dismissals for lack of prosecution for abuse of discretion. Link v. Wabash R.R., 370 U.S. 626, 633 (1962); Hamilton v. Neptune Orient Lines, Ltd., 811 F.2d 498, 499 (9th Cir.1987). The district court did not make explicit findings to show that it considered the factors which must be taken into account in determining whether to dismiss for lack of prosecution. "Although specific findings ... [are] beneficial as an aid to our review, the court is not required to make them." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). Where, as here, findings are lacking, we "review the record independently to determine whether the district court abused its discretion." Id.
 
 III.
 
 6
 In determining whether a district court has abused its discretion in dismissing an action for lack of prosecution, "a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay." Hamilton, 811 F.2d at 499. A review of these factors demonstrates that the district court did not abuse its discretion in dismissing Wikle's complaint.
 
 
 7
 The record shows that Wikle failed to file any motions to schedule a pretrial or status conference for seven years. Wikle was ordered to enter into a stipulation setting a date for a pretrial conference on June 17, 1985. He failed to comply or to seek assistance from the court in setting a date.
 
 
 8
 The evidence also shows that Wikle failed to produce documents and to respond to requests for convenient dates to depose witnesses. This conduct clearly delayed prosecution of this action. Our independent review of the record has persuaded us that the district court did not abuse its discretion in finding that Wikle did not prosecute his claim with diligence.
 
 
 9
 Wikle contends that his case did not affect the management of the second trial judge's calendar because it was on his docket for "only" eight days prior to the dismissal. This argument ignores the fact that this matter languished for more than eight years in the Central District of California without any affirmative action by Wikle to prosecute his claim.
 
 
 10
 It is well settled that the district court is in the best position to determine what period of delay can "be endured before its docket becomes unmanageable." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). In determining whether the period of delay affected the district court's docket, the second trial judge did not abuse his discretion in considering the impact of Wikle's conduct on the Central District's ability to manage its calendar and serve other litigants.
 
 
 11
 Wikle contends further that VSL has not been prejudiced as a result of the delay. Prejudice to the defendant is presumed from unreasonable delay. Henderson, 779 F.2d at 1423. Here, prosecution was delayed for more than eight years. Furthermore, VSL presented evidence that it was prejudiced because witnesses have disappeared and others are unavailable because they now reside outside the territorial limits of the subpoena power.
 
 
 12
 Wikle next contends that the dismissal violated a strong public policy favoring trial on the merits. In this case, however, the delay was caused by Wikle's own dilatory management of the litigation. The policy favoring trial on the merits is outweighed by competing considerations of freeing respondents from costly and harassing litigation, as well as respecting the rights of would-be litigants awaiting their turns to have other matters resolved. See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 675 (9th Cir.1981).
 
 
 13
 Wikle argues that the district court ignored less drastic alternatives. Wikle suggests that a more appropriate sanction would have been for the court to set an immediate trial date. The district court did not abuse its discretion in rejecting Wikle's request that no sanction should be imposed, and that, instead, the matter should be set for immediate trial. As noted above, setting the matter for trial after a delay of eight years would have prejudiced VSL's right to a fair trial because of the loss of witnesses. Furthermore, a district court may impose the ultimate sanction of dismissal to deter other litigants from engaging in similar dilatory conduct. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642-643 (1976).
 
 
 14
 Lastly, Wikle contends that the district court did not warn him of imminent dismissal prior to the order to show cause. This contention is without merit. Central District of California Local Rule 12.1 provided constructive notice to Wikle that he was risking dismissal. Rule 12.1 provides: "Civil actions which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution."
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3