951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cornelius ANDERSON, Plaintiff-Appellant,
v.
Glen WILLETT, Defendant-Appellee.
 No. 91-55036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cornelius Anderson, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971).[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In June 1990, Anderson was arrested on a charge of residential burglary. In October 1990, while criminal proceedings against him were pending in the Santa Maria Superior Court, Anderson filed this civil rights action against three deputy sheriffs and two correctional officers. Anderson's amended complaint sought compensatory and punitive damages. The district court dismissed the action without prejudice pending resolution of the state court prosecution.
 
 
 4
 The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from interfering with criminal proceedings in state court. See also 28 U.S.C. § 2283. "Three requirements have evolved for proper invocation of Younger: (1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir.1987) (citation omitted). Nevertheless, "[b]ad faith prosecution or harassment make abstention inappropriate even where these requirements are met." Id. (citing Younger, 401 U.S. at 47-49).
 
 
 5
 Here, the district court correctly dismissed Anderson's action for damages without prejudice because (1) a criminal prosecution against him is ongoing in state court, (2) the criminal proceeding implicates important state interests, and (3) the state court proceedings provide an adequate opportunity for Anderson to raise any federal questions. See id. Moreover, Anderson's bare allegations of bad faith and harassment by the defendants are insufficient to make abstention inappropriate in this case.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's dismissal of the action without prejudice is a final appealable order. Ash v. Cvetkov, 739 F.2d 493, 496 (1984)