978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard K. L'ITALIEN, Plaintiff-Appellant,
v.
Glen CRAIG; State of California, Superior Court; Ed
Doonan, Captain, Defendants-Appellees.
 No. 90-16481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Nov. 5, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard L'Italien, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 action. L'Italien contends that the district court should not have dismissed his action because he was justified in filing it late. The district court properly dismissed L'Italien's complaint because he failed twice to comply with the district court's specific instruction to amend his complaint within 30 days of the dismissal order. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 The district court first dismissed L'Italien's complaint because he failed to comply with Fed.R.Civ.P. 8(a)(2), which requires a short and plain statement of the case. L'Italien appeared to allege that his constitutional rights were infringed because, inasmuch as he was indigent, he could not properly present his case without access to computer databases such as Westlaw or Lexis. In addition, he alleged that being locked up was "doing things to his mind," and that he was not allowed to smoke. The complaint was dismissed with leave to amend within 30 days. The order specified that he "must demonstrate how the conditions complained of have resulted in a deprivation of [his] constitutional rights. Also, the complaint must allege in specific terms how each named defendant is involved." The order also spelled out that a failure to file an amended complaint would result in dismissal of the action.
 
 
 4
 L'Italien failed to file an amended complaint within the prescribed period, but objected to the April 16th, 1990 recommendation of dismissal because he said he had not received the order dismissing the complaint. The district court gave L'Italien a second chance, ordered the clerk to send him a copy of the dismissal order, and gave L'Italien 30 days from receipt of the order to file an amended complaint.
 
 
 5
 Again L'Italien did not file an amended complaint by the June 30th deadline, but objected to the second recommendation of dismissal on the ground that he had mailed an amended complaint, which had not been returned to him. The district court dismissed the action. L'Italien filed a timely notice of appeal.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 6
 This panel has jurisdiction because an action dismissed without prejudice is nonetheless appealable under 28 U.S.C. § 1291. Ash v. Cvetkov, 739 F.2d 493 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). We review a district court's dismissal of an action for failure to comply with the court's order requiring submission of an amended complaint in a timely manner for abuse of discretion. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 61 U.S.L.W. 3284 (1992).
 
 III.
 DISCUSSION
 
 7
 L'Italien contends that the district court should not have dismissed his action because his failure to timely file his amended complaint was the result of his poverty and prison personnel's lack of assistance in getting copies and postage in order to properly file.
 
 
 8
 However, under Fed.R.Civ.P. 41(b), the district court has discretion to dismiss an action for failure to comply with any order of the court. Ferdik, 963 F.2d at 1260. Here, the district court did not abuse its discretion in dismissing the action for failure to timely comply with its second order to file an amended complaint. In fact, it made every attempt to be sensitive to L'Italien's status as a pro se litigant and gave him two opportunities to amend his complaint, each time specifically warning him that a failure to timely amend would result in the dismissal of his action. The court clearly explained its reason for the dismissal and instructed him on what was needed in his amended complaint.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3