991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda J. LACY, Plaintiff-Appellant,
v.
MACHINIST UNION, Local 562, Defendant-Appellee.
 No. 91-16894.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brenda Joyce Lacy appeals pro se the district court's denial of her petition to reopen her discrimination action against Machinist Union Local 562 (Union). She contends the district court erred by refusing to reopen her action and by failing to find the defendants in default. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the district court's denial of a petition to reopen for abuse of discretion. Contempo Metal Furniture Co. v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 767 (9th Cir.1981).
 
 
 4
 Lacy filed an action against the Union on November 15, 1982, alleging violation of Title VII of the Civil Rights Act of 1964. She alleged the Union had discriminated against her on account of race and had failed to pursue her unjust termination claim against her employer, FMC Corporation.[1]
 
 
 5
 The Union moved for summary judgment on August 1, 1983. On September 6, 1983, the district court dismissed the case, providing that Lacy could petition the court to reopen the action if the California Workers' Compensation Appeals Board (WCAB) ruled that her injury was industrially related, and if she could show the Union did not pursue her claim. On October 19, 1983, Lacy filed a petition to reopen her action, alleging that the Union had not filed a timely response to her complaint, and should, therefore, be found in default. The district court denied the petition on October 24, 1983.[2]
 
 
 6
 Seven years later, on October 29, 1990, Lacy filed a "Notice of Appeal," alleging the district court erred by conditionally dismissing her action and by refusing to find the Union in default. The Ninth Circuit dismissed Lacy's appeal for lack of jurisdiction on May 16, 1991, noting the "extreme and prejudicial delay" between the time the district court denied her petition to reopen her action and the time Lacy filed her Notice of Appeal. On July 9, 1991, Lacy filed a "Petition to Recall the Mandate and Rehearing on Why This Matter Should Not Be Dismissed." On August 22, 1991, this court denied that "petition," advising Lacy that this court's dismissal of her appeal did not prejudice her right to petition the district court to reopen her action.
 
 
 7
 On October 25, 1991, Lacy filed a petition to reopen her action with the district court. Lacy alleged that the terms of the district court's conditional dismissal had been satisfied because the WCAB had reached a decision regarding whether her injury was industrially related. The district court denied Lacy's petition on November 20, 1991. Lacy timely appealed that denial on December 10, 1991. She contends on appeal that the district court erred by failing to reopen her action. This contention lacks merit.
 
 
 8
 Here, although Lacy implied that the WCAB found her injury to be industrial, she failed to provide the district court with any evidence to support her assertion.[3] Thus, the district court did not abuse its discretion by denying Lacy's petition to reopen her action. See Contempo Metal Furniture Co., 661 F.2d at 767.[4]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lacy was terminated for failure to report to work in a timely manner after being on leave of absence from December, 1980 until late December, 1981. Lacy alleged her termination was unjust because her extended absence from work was related to an industrial injury and was permitted under the collective bargaining agreement between FMC and the Union
 
 
 [2]
 Lacy then submitted a "Notice of Appeal for Default" to the district court, reasserting that the court should have entered default against the Union for filing a late response. Although the district court apparently received this Notice of Appeal on November 8, 1983, it was never filed. An identical "Notice of Appeal for Default" was filed on December 28, 1983. The district court never took action on this "Notice of Appeal." Nevertheless, we need not address this issue because Lacy never raised it below or on appeal. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1988)
 
 
 [3]
 On appeal, Lacy provided this court with several documents, including a 1988 order from the WCAB apparently denying her petition for reconsideration. Lacy failed to provide this evidence to the district court. Furthermore, the WCAB order does not indicate that the WCAB found her injury to be industrial and therefore is not sufficient to satisfy the district court's conditions for reopening her action
 
 
 [4]
 Lacy also contends on appeal that the district court erred by failing to find the defendants in default. This contention has no merit. First, unreasonable delay creates a presumption of injury to the defense. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). Second, the record shows that defendant was not in default: the summons here was not properly executed until December 30, 1982, and defendant timely served its answer to Lacy's complaint on January 7, 1983. See Fed.R.Civ.P. 12(a); see also Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969)