15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Barbara VALOT; Claude Valot, Plaintiffs-Appellants,
v.
WELLINGTON GROUP NO. 5; W. Darrow Fielder Property
Management Co.; Morris D. English, Sr.; Morris
D. English, Jr.; Remax Beach Cities;
et al., Defendants-Appellees.
 No. 93-55407.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 10, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara Valot and Claude Valot appeal pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action against W. Darrow Fielder Property Management Company, Remax Beach Cities, Wellington Group No. 5, and others. Although the basis for the Valots' action is not clear from the complaint, they appear to allege fraud and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Sec. 1961 et seq., in relation to the defendants' involvement in the foreclosure on real property owned by the Valots.
 
 
 3
 We review de novo the district court's dismissal of the Valots' action for failure to state a claim upon which relief can be granted, Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we vacate and remand.
 
 
 4
 The district court order states that it is dismissing "the entire Action without prejudice." Normally, the dismissal of an action without prejudice is a final appealable order, Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985), which precludes amendment of the complaint. However, in determining whether the district intended to enter a final order barring the Valots from amending their complaint, " 'the trial judge's characterization of his own action cannot control the classification of the action' ... the proper focus is on what effect the district court intended its order to have." McGuckin v. Smith, 974 F.2d 1050, 1054 (9th Cir.1992).
 
 
 5
 In this case it is clear from the district court docket entry regarding the dismissal and the transcript of the hearing on the dismissal motion that the district court intended to dismiss the Valots' complaint with leave to amend. The order signed by the district court dismissing the action was prepared by defense counsel and does not reflect the district court's intention.
 
 
 6
 Furthermore, before dismissing a pro se complaint the district court must provide a litigant with notice of the deficiencies in the complaint and an opportunity to amend. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992).
 
 
 7
 The Valots were not given an adequate opportunity to amend their complaint as the district court intended, and as required by law. The district court failed to direct the Valots how to proceed to amend the complaint. Accordingly, we vacate the district court's order of dismissal of the Valots' action without prejudice, and remand with instructions to provide the Valots with notice of the deficiencies in their complaint and an opportunity to amend. See Ferdik, 963 F.2d at 1261.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3