Rene Hilton, pro se, San Francisco, CA, for Appellant.

Edward Mevi, Stanton, Kay & Watson, San Francisco, CA, K. Keith McAllister, Tiburon, CA, for Appellee.

Edward G. Myrtle, Office of the U.S. Trustee, San Francisco, CA, Aaron M. Oliner, Buchalter, Nemer, Fields & Younger, San Francisco, CA, for Trustees.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Rene Hilton, proceeding *pro se*, appeals the district court's order affirming a bankruptcy court decision to disallow Hilton's $25,000 claim filed in the bankruptcy of Richard Hongisto. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

We review *de novo* the district court's decision on appeal from a bankruptcy court. *Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231, 1233 (9th Cir.2002). We apply the same standard of review utilized by the district court, reviewing the bankruptcy court's legal conclusions *de novo* and its factual determinations for clear error. *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 526 (9th Cir.2001).

Hilton fails to allege the necessary elements of a conspiracy, such as an agreement between Hongisto and other conspirators with knowledge of an unlawful purpose. *See Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 784–85, 157 Cal.Rptr. 392, 598 P.2d 45 (1979). Hilton further fails to allege facts that establish Hongisto participated in any wrongs, or directed that they be done, as required to establish Hongisto's personal liability for any torts committed by his corporation. *See United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 595, 83 Cal. Rptr. 418, 463 P.2d 770 (1970). Because Hilton fails to allege facts sufficient to support a claim, his proof of claim is not prima facie valid. *See In re Consolidated Pioneer Mortgage*, 178 B.R. 222, 226 (9th Cir.BAP1995). The district court thus did not err in affirming the bankruptcy court's denial of Hilton's claim.

**AFFIRMED.**

**Jesse VIZCAINO, Jr., Plaintiff—Appellant,**

v.

**ESCALON PREMIER BRANDS; et al., Defendants—Appellees.**

No. 03–16411.

D.C. No. CV–03–00802–DFL/GGH.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

Jesse Vizcaino, Jr., pro se, Oakdale, CA, for Plaintiff–Appellant.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Jose Vizcaino, Jr., proceeding *pro se*, appeals the district court's dismissal without prejudice of Vizcaino's failure to prosecute. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We will reverse a district court's order dismissing an action for lack of prosecution only for an abuse of discretion. *Ash v. Cvetkov*, 739 F.2d 493, 495–96 (9th Cir. 1984). The district court here did not abuse its discretion. Although Vizcaino contends that his incarceration prevented him from pursuing his claim, he offers no evidentiary proof of this. District judges are best situated to decide when delay in a particular case interferes with docket management and the public interest. *Ash*, 739 F.2d at 497. The district court's dismissal without prejudice also does not prevent Vizcaino from refiling his claim. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001) (noting that dismissal without prejudice "will ordinarily ... have the consequence of not barring the claim from other courts"); *Ash*, 739 F.2d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

at 497 (noting that, while dismissal without prejudice contains some dangers, such as statute of limitations or service of process problems, a dismissal without prejudice is an easily justified sanction for failure to prosecute).

**AFFIRMED.**