**May YANG, guardian ad litem Xia Yang; et al., Plaintiffs–Appellants,**

v.

**MULTI–AGENCY GANG ENFORCE-MENT CONSORTIUM; et al., Defendants–Appellees.**

No. 05–15462.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed Feb. 20, 2007.

James C. Holland, Esq., Visalia, CA, for Plaintiffs–Appellants.

Before: REINHARDT, RYMER, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Plaintiffs appeal the district court's dismissal of their action pursuant to Federal Rule of Civil Procedure 41(b) due to their counsel's lack of compliance with court orders. We review this decision for an abuse of discretion. *See Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir.1998). Finding no such abuse, we affirm. Because the parties are familiar with the history of this litigation, we will not recount it here.

District courts must weigh five factors in addressing a Rule 41(b) motion: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). We may affirm the dismissal where "at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez,* 138 F.3d at 399 (citations omitted).

The record supports the district court's decision to dismiss the action. Four years had passed since the first complaint was filed. The district court's civil docket had been severely disrupted, and plaintiffs' noncompliance forced defendants to file additional motions to dismiss and face further delays in the prosecution of this litigation.

And, most significantly, the district court previously attempted a less drastic alternative—an attorneys' fee award that plaintiffs' counsel had himself requested as an appropriate sanction—and had twice advised plaintiffs' counsel in writing that failure to timely comply with court orders would result in dismissal of the action. Plaintiffs' counsel still did not comply. Each observation, standing alone, substan-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tiates the court's conclusion that less drastic sanctions would fail. *See Malone v. U.S. Postal Service,* 833 F.2d 128, 132 (9th Cir.1987).

For the same reasons, the district court did not abuse its discretion in denying plaintiffs' request for an extension to file the opposition to defendants' motion for summary judgment after the deadline had passed.

Finally, we decline plaintiffs' invitation to review the district court's interlocutory order dismissing MAGEC as a defendant. Such interlocutory orders, while generally appealable after final judgment, are not appealable after a dismissal under Rule 41(b). *See Al–Torki v. Kaempen,* 78 F.3d 1381, 1386 (9th Cir.1996); *Ash v. Cvetkov,* 739 F.2d 493, 497–98 (9th Cir.1984).

AFFIRMED.