**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA TUCKER; et al., | No. 08-56206 |
| Plaintiffs - Appellants, | D.C. No. CV00-10829 TJH (MANx) |
| v. | |
| CITY OF LOS ANGELES, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Linda Tucker, James Tucker, Jeffrey Tucker, and George Konik appeal pro

se from the district court's order dismissing for failure to prosecute their 42 U.S.C.

§ 1983 action alleging that members of the Los Angeles Police Department used

excessive force during a pre-arrest search.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review for abuse of discretion, *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996), and we affirm.

Contrary to defendant's contention, the appeal is timely because it was filed within 150 days of the entry of the district court's order of dismissal, and judgment was not separately entered. *See* Fed. R. App. P. 4(a)(7); *Ingram v. Acands, Inc.*, 977 F.2d 1332, 1339 (9th Cir. 1992).

The district court did not abuse its discretion in dismissing the action for failure to prosecute after granting multiple continuances during the eight years of its pendency, especially after warning plaintiffs before the last continuance about the possibility of dismissal if they appeared without counsel or unprepared for trial. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (listing factors to assess dismissal for failure to prosecute and affirming dismissal in the absence of the district court's explanations of its reasons because record showed that plaintiffs' delays were unreasonable and created a presumption of prejudice to defendant).

We do not consider appellant's remaining contentions. *Al-Torki*, 78 F.3d at 1386 (interlocutory orders are not appealable after dismissal for failure to prosecute regardless of whether the failure to prosecute was purposeful or not).

**AFFIRMED**.