**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RON JOHNSON, | No. 11-16622 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02505-EDL |
| v. | |
| BRITISH PETROLEUM OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding[**]

Submitted July 17, 2012[***]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Ron Johnson appeals pro se from the district court's orders dismissing his

anti-trust action against British Petroleum of America for failure to prosecute and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Johnson consented to proceed before the magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute. *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). We affirm.

The district court did not abuse its discretion in dismissing Johnson's action for failure to prosecute after Johnson failed to act on the district court's orders to take steps to perfect service on the defendant. *See id.* at 496-97 (discussing factors to guide the district court's decision whether to dismiss for failure to prosecute).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider Johnson's challenges to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (after dismissal for failure to prosecute, interlocutory orders are not appealable regardless of whether the failure to prosecute was purposeful).

The district court did not abuse its discretion in denying Johnson's motion for reconsideration because Johnson failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Johnson's remaining contentions, including those concerning whether he was entitled to de novo review by a district judge after he consented to proceed

before the magistrate judge, are unpersuasive. *See, e.g.*, 28 U.S.C. § 636(c) (district court may vacate reference to magistrate judge only upon showing of good cause or extraordinary circumstance).

Johnson's "Letter of Inquiry," received on June 8, 2012, is ordered filed and, to the extent that it requests relief, is denied.

**AFFIRMED.**