**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL BRIAN TOOLEY, | No. 12-35722 |
| Petitioner - Appellant, | D.C. No. 2:10-cv-00936-TSZ |
| v. | |
| JEFFREY A. UTTECHT, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Submitted July 7, 2014[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and MURGUIA, Circuit Judges.

Michael Tooley appeals the district court's dismissal of his habeas petition

without prejudice for failure to prosecute. We have jurisdiction under 28 U.S.C. §§

1291, 2253. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Tooley argues that the district court abused its discretion by dismissing for failure to prosecute. The State of Washington agrees that this was an abuse of discretion but urges us to reach the merits of Tooley's petition. "We review a district court's dismissal of a habeas corpus petition de novo and may affirm on any ground supported by the record, even if it differs from the rationale of the district court." Pollard v. White, 119 F.3d 1430, 1433 (9th Cir. 1997). Assuming without deciding that the district court erred by dismissing for failure to prosecute, we nonetheless affirm the district court because we conclude that Tooley's petition is meritless.

Tooley contends that the prosecutor breached the plea agreement in violation of Santobello v. New York, 404 U.S. 257 (1971), by referring to facts not in the plea agreement during his sentencing hearing. Specifically, he faults the prosecutor for saying that Tooley had "robbed" a store clerk at gun point after committing the murder to which he pleaded guilty. Although the prosecutor was regrettably imprecise in using the word "robbed," the context was of the prosecutor arguing that no one was threatening Tooley when, as Tooley stipulated, he stole a lighter and threatened a clerk with a gun. The Washington Court of Appeals reasonably concluded that the prosecutor's reference "to the QFC shop lift and use of a gun to

threaten the QFC clerk was within the stipulated real facts" and did not undercut the plea agreement.

In reviewing a federal habeas petition, "state court findings of fact are presumed correct unless rebutted by clear and convincing evidence or unless based on an unreasonable evidentiary foundation." Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir. 2003). Here, the record supports the Washington Court of Appeals' determination. In the plea agreement, the parties "stipulated that the following are real and material facts for purposes of this sentencing: The facts set forth in the certification(s) for determination of probable cause and prosecutor's summary." The prosecutor's summary states that "[a]fter the homicide, the defendant stole a lighter and threatened the [store] clerk with a gun."

Thus, Tooley had stipulated that those facts were "real and material facts for the purposes of . . . sentencing." The Washington Court of Appeals' determination that the prosecutor was referring to those stipulated facts, rather than to a "robbe[ry]" offense to which Tooley had not admitted, was neither contrary to, nor involved an unreasonable application of Santobello v. New York. See 28 U.S.C. § 2254(d).

**Affirmed**.