**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE PATTON NELSON, III, | No. 14-35748 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-00180-MO |
| v. | |
| CHRISTOPHER AIOSA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted September 21, 2015[**]

Before:    REINHARDT, LEAVY, and BERZON, Circuit Judges.

George Patton Nelson, III, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging violations of his right to sanitary

and safe living conditions.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal for failure to state a claim under Fed. R. Civ. P.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and for an abuse of discretion a district court's order dismissing for failure to prosecute, *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). We affirm.

The district court properly dismissed Nelson's Eighth Amendment claim alleging that defendants violated his right to sanitary and safe living conditions because Nelson was not imprisoned. *See Pierce v. Multnomah County*, 76 F.3d 1032, 1042 (9th Cir. 1996) ("[T]he Eighth Amendment's prohibition against the malicious or sadistic use of force does not apply 'until after conviction and sentence.'" (citations omitted)).

The district court did not abuse its discretion in dismissing Nelson's claim against the Department of Veteran Affairs because Nelson failed to prosecute the case. *See Ash*, 739 F.2d at 496-97 (setting forth factors for evaluating dismissal for failure to prosecute).

The district court did not abuse its discretion in denying Nelson's motion to compel discovery because Nelson failed to comply with the meet-and-confer rule. *See* Fed. R. Civ. P. 37(a) (establishing the meet-and-confer rule); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing court's broad discretion to permit or deny discovery).

We treat Nelson's motion filed on April 7, 2015 as a motion to file a

supplement to the opening brief, and grant it in part. The Clerk shall file the supplemental brief, titled "Appellant Nelson's Memorandum in Support of his Opening Brief." Nelson's request for a temporary injunction, set forth in his April 7, 2015 filing, is denied.

Nelson's motion requesting a list of agents employed by defendants, filed on April 13, 2015, is denied. Nelson's motion for a temporary injunction, filed on May 22, 2015, is denied.

**AFFIRMED.**