**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FRANCINE MCDERMOTT,

          Plaintiff - Appellant,

  v.

PALO VERDE UNIFIED SCHOOL
DISTRICT,

          Defendant - Appellee.

No. 13-56987

D.C. No. 5:12-cv-01112-VAP-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted February 3, 2016
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[**] Senior
District Judge.

    Plaintiff Francine McDermott appeals the decision by the district court to

dismiss her complaint without prejudice for failure to prosecute pursuant to Fed. R.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Civ. P. 41(b), as well as to deny her motion for reconsideration. We review a district court's dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) for abuse of discretion. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1384 (9th Cir. 1996). Similarly, we review a district court's denial of a motion for reconsideration for abuse of discretion. *See Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1471 (9th Cir. 1997).

Although the district court dismissed the complaint without prejudice, we have previously applied to the review of such a dismissal the same five factors that we employ to assess dismissals for failure to prosecute with prejudice. *See Ash v. Cvetkov*, 739 F.2d 493, 496-97 (9th Cir. 1984). Significantly, however, "dismissal without prejudice is a more easily justified sanction for failure to prosecute. A relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *Ash*, 739 F.2d at 497.

In this case, the district court did not abuse its discretion in finding that the balance of five factors weighed against Plaintiff. The district court's need to manage its docket and the public interest in expeditious resolution of litigation favor dismissal, since Plaintiff had interfered with the district court's ability to manage its trial calendar, and a further delay of the trial would thwart the public interest in the prompt resolution of cases. As to the risk of prejudice to Defendants,

2

though Defendants had also sought continuances and may have been responsible for some delay, Defendants were plainly prejudiced by Plaintiff's failure to submit pretrial filings in a timely manner. Additionally, while the policy favoring disposition of cases on their merits generally cuts against dismissal, *see Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), it does so far less strongly when the relevant dismissal is without prejudice, which, by definition, permits a re-filing within the applicable statute-of-limitations period (which neither party contends had run at the time of dismissal).

As to the availability of less drastic sanctions, the district court considered monetary sanctions but expressed concern that they would be ineffective in inducing compliance with deadlines, given the parties' history. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987). Moreover, a dismissal without prejudice is one of the lightest sanctions available.

In sum, the district court did not abuse its discretion in determining that the complaint should be dismissed without prejudice for failure to prosecute. Moreover, the district court did not abuse its discretion in denying Plaintiff's

motion for reconsideration. Therefore, we affirm the district court's dismissal without prejudice and denial of the motion for reconsideration.[1]

**AFFIRMED.**

---

[1] We also deny Plaintiff's request, filed on July 28, 2014, for this court to take judicial notice of certain materials, including emails between Plaintiff's attorney and defense counsel, dockets of other cases in which defense counsel were involved, and statistical information about case management in the federal judicial system. These documents do not meet the applicable standard for judicial notice. We note, however, that taking judicial notice of these materials would not in any case affect the outcome of this appeal.