MEMORANDUM *
Plaintiff Jamisi Jermaine Calloway appeals the district court’s sua sponte dismissal of his case based on his representations at a trial confirmation hearing that he was unable to proceed to trial. Calloway also argues that the district court abused its discretion in denying his motion for appointment of counsel. We vacate in part, affirm in part, and remand for further proceedings.
The district court abused its discretion in sua sponte dismissing Calloway’s case. Calloway’s representations that he could not try his case without counsel did not, in themselves, cause unreasonable delay. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984) (“Only ‘unreasonable’ delay will support a dismissal for lack of prosecution.”). The sole basis the district judge provided for dismissing Calloway’s action was Calloway’s “multiple representations at the March 21, 2014 hearing that he is incapable and unable to proceed to trial.” Calloway had not failed to participate, failed to respond, or failed to appear at the point his case was dismissed. The district court interpreted Calloway’s statements as a refusal to proceed to trial, but his representations cannot properly be understood as a declaration that he would not proceed to trial and wanted the case dismissed if he *639 was not provided with a lawyer. His statements were consistent with his numerous prior requests for the appointment of counsel.
Even assuming that the district court had foundation to consider dismissal of Calloway’s case, the five-factor balancing test does not support dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.2002). Under that test, a district court must weigh the following factors to determine whether dismissal is warranted: “(1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition, of cases on their merits.” Id. Dismissal may be affirmed when at least four factors favor dismissal or at least three factors strongly favor dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).
The first factor — the public’s interest in expeditious resolution of litigation — “always favors dismissal.” Pagtalunan, 291 F.3d at 642 (quoting Yourish, 191 F.3d at 990). The second factor — the court’s need to manage its docket — is “usually reviewed in conjunction with the public’s interest in expeditious resolution of litigation.” In re Eisen, 31 F.3d 1447, 1452 (9th Cir. 1994). Given that a reviewing court generally defers to the district court’s judgment regarding its need to manage its docket, this factor weighs in favor of dismissal. Id.
The third factor — the risk of prejudice to Defendants — does not support dismissal. A defendant is prejudiced “if the plaintiffs actions impair the defendant’s ability to go to trial or threaten to interfere with the rightful decision of the case.” Adriana Int’l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990), Defendants’ ability to go to trial would have been affected had Callo-way failed to appear at trial, see, e.g., Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir.1996), but at the point Calloway’s case was dismissed, that had not occurred. Calloway’s representations that he was unable to proceed to trial on his own, likely made in an effort to obtain appointed counsel, had no effect on Defendants’ rights or the decision of the case. Defendants contend that there was a risk of prejudice to them as a result of “the substantial passage of time” and the “risk of fading memories and stale evidence,” but Defendants base this solely on the continuing pendency of the case up to that point in time. That might have provided reason to oppose any further continuance, but it did not constitute prejudice sufficient to support dismissal. See Ash, 739 F.2d at 496 (“[Defendant] argues that the mere pendency of a law suit is prejudicial. While it may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal. Otherwise a delay of even one day would be justifiable grounds for dismissal for lack of prosecution.”).
The fourth factor — the availability of less drastic alternatives — also does not support dismissal. Although a warning that dismissal will result from disobeying a court order can constitute adequate consideration of alternatives, Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992), the district court did not make such a warning here. Instead, the district court dismissed Calloway’s case immediately after telling him that it had “no alternative” but to dismiss. The district court stuck to that position even after Calloway insisted that he was ready and willing to proceed to trial. This would be a different case if the district court had warned Calloway at the trial confirmation hearing that failure to appear at trial would result in dismissal, and then dismissed the case after Calloway failed to appear or failed to satisfy other *640 deadlines leading up to trial, but that is not what occurred. Alternatives less drastic than immediate dismissal were available.
The last factor — the public policy favoring disposition of cases on their merits— inherently weighs against dismissal. See Pagtalunan, 291 F.3d at 643.
With only two out of the five factors favoring dismissal of Calloway’s case, the district court’s decision cannot be affirmed, even assuming a factual predicate for dismissal existed. See Yourish, 191 F.3d at 990. We vacate the district court’s dismissal of Calloway’s case and remand for further proceedings.
Calloway next argues that the district court erred in denying his motion for appointment of counsel. That argument lacks merit because the record does not reflect Calloway having a pending motion for appointment of counsel. Even if Callo-way’s statements at the trial confirmation hearing could be treated as a renewed motion for appointment of counsel, the district court did not abuse its discretion in denying that motion. Calloway did not demonstrate that exceptional circumstances warranted the appointment of counsel. See 28 U.S.C. § 1915(e)(1); Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004).
If Calloway instead objects to the denial of his motion for a continuance, he must at least show that prejudice resulted from the denial. Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir.1985). He has not done so. Calloway had not obtained counsel during the substantial time his case was pending and he appears to have been' no closer to obtaining counsel at the time his motion was denied. The court had ample basis for declining to further extend a case that had already been pending for years.
The district court’s denial of Calloway’s motion, whether a motion for appointment of counsel or a motion for a continuance, is affirmed.
Each party to bear its own costs.
VACATED AND REMANDED IN PART AND AFFIRMED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.