**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DALONNO C. JOHNSON,

      Plaintiff-Appellant,

  v.

UNION PACIFIC RAILROAD
COMPANY,

      Defendant-Appellee.

No. 19-17592

D.C. No. 2:17-cv-04803-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Dalonno C. Johnson appeals pro se from the district court's judgment dismissing his action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to prosecute. *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by dismissing Johnson's action for failure to prosecute after Johnson failed to attend both his deposition and the hearing on the parties' discovery dispute arising from his failure to appear at his deposition. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (setting forth five-factor test to be considered before dismissing for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although dismissal is a harsh penalty, the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

In light of our disposition, we do not consider Johnson's challenge to the district court's order denying his motion for appointment of counsel. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

We lack jurisdiction to consider the district court's denial of Johnson's post-judgment motion for relief because Johnson failed to amend his notice of appeal or file a new notice of appeal after the motion was denied. *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007); *see also* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of the judgment or order appealed

2                                                                      19-17592

from); Fed. R. App. P. 4(a)(4)(B)(ii).

**AFFIRMED.**