**TRINIDAD CORPORATION, a corporation, Plaintiff/Counterclaim Defendant/Appellee,**

v.

**M.T. Keiyoh MARU, in rem, Defendant/Appellant,**

and

**SOL GLORIOSA MARITIMA, S.A., a corporation, Defendant/Counterclaimant/Appellant,**

v.

**S.S. FORT WORTH, in rem, her engines, tackle, appurtenances, apparel, furnishing and equipment, Third-Party Defendant/Appellee.**

**No. 85–5745.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 16, 1985.

Decided Jan. 31, 1986.

Francis J. McLaughlin, Sidney K. Kanazawa, Lillick, McHose & Charles, Los Angeles, Cal., for plaintiff/counterclaim defendant/appellee.

Bill E. Schroeder, James C. Winton, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for defendant/appellant.

Before NELSON, REINHARDT and WIGGINS, Circuit Judges.

PER CURIAM:

Appellants first filed a notice of appeal while a timely motion to vacate judgment was pending. This appeal must be dismissed, but we exercise our discretion to direct that a new appeal be docketed based on appellants' later filing of a document mistakenly denominated an "amended" notice of appeal.

Judgment was entered in this case on March 5, 1985. Appellants filed and served a timely motion under Fed.R.Civ.P. 59 to vacate judgment. Their first notice of appeal was filed on April 3, while that motion was pending. The appeal based on this notice was assigned docket number 85–5745.

After the motion was denied as to all but one issue, appellants filed an "amended notice of appeal." The district court later entered a written order denying appellants' motion in all respects, and an amended judgment was entered on May 10, 1985. On May 23, appellants filed a "second amended notice of appeal." The "amended" notice and the "second amended" notice were forwarded to this court; neither was assigned a separate docket number.

Appellants have responded to an order entered by a conference attorney of this court directing them to show cause why appeal 85–5745 should not be dismissed for lack of jurisdiction. 9th Cir.R. 32 & App. C, §§ B.7, D.1. They contend that we have jurisdiction over their appeal by virtue of the "second amended notice of appeal" filed May 23, 1985.

We agree, but publish to express our disapproval of the practice of filing an "amended" notice of appeal in these circumstances—a practice that is not contemplated by the Federal Rules of Appellate Procedure and that generates uncertainty as to the jurisdictional underpinnings of an appeal.

■ Appellants' notice of appeal and "amended notice of appeal" gave us no jurisdiction to hear their challenges to the judgment.

If a timely motion under the Federal Rules of Civil Procedure is filed ... under Rule 59 to alter or amend the judgment ..., the time for appeal for all

parties shall run from the entry of the order ... granting or denying ... such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect....

Fed.R.App.P. 4(a)(4); *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (notice of appeal filed before disposition of timely motion for reconsideration is void). Appellants do not question this fact. The only question is the effect to be given the "second amended notice of appeal" filed after the motion was decided.

■ Rule 4(a)(4) is specific on this point: "A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." (emphasis added). The rule contemplates a new appeal in these circumstances—not the continuation of a premature and invalid appeal filed previously.

■ We see no need, however, to apply the rule so strictly that the "amended" notice of appeal filed here has no effect. We have in past cases construed as notices of appeal a variety of documents that were not so styled. *See, e.g., Noa v. Key Futures, Inc.*, 638 F.2d 77 (9th Cir.1980); *Rabin v. Cohen*, 570 F.2d 864 (9th Cir.1978). We have no difficulty in disregarding the nomenclature assigned by appellants here and will treat the "second amended notice of appeal" as the new notice of appeal required by the rule. *See* Fed.R.App.P. 3(c).

■ We must, however, caution counsel to avoid this practice in the future. The effect of a notice of appeal is determined at the time it is filed. The notice cannot be amended to add additional parties as appellants after the time for appeal has expired. *Cook & Sons Equipment, Inc. v. Kilen*, 277 F.2d 607 (9th Cir.1960); *see Farley Transportation Co., Inc. v. The Santa Fe Trail Transportation Company*, 777 F.2d 472 (9th Cir.1985). Similarly, a notice of appeal that is void at the outset cannot by amendment become anything other than void.

As a practical matter, moreover, an amended notice of appeal, unlike the new notice specified by the rule, may not receive the processing dictated by Fed.R. App.P. 3(d). It may not be forwarded to this court, and the court may then be unable to determine from the face of the record whether jurisdiction exists. The rule is designed to provide a clear demarcation line and to simplify the determination of jurisdiction over appeals. The filing of amended notices runs counter to this scheme.

The Clerk will docket a new appeal on the basis of the mis-styled "second amended notice of appeal" filed May 23, 1985. Appeal 85–5745 is DISMISSED for lack of jurisdiction.