974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NORTH RIVER INSURANCE COMPANY, Plaintiff-Appellee,
v.
SEARS, ROEBUCK & COMPANY, Defendant-Appellant.
 No. 91-16084.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 19, 1992.
Decided Sept. 9, 1992.
 
 Appeal from the United States District Court for the Northern District of California; No. CV-89-20246-WAI, William A. Ingram, District Judge, Presiding.
 N.D.Cal.
 REVERSED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sears, Roebuck & Co. (Sears) appeals the district court's grant of summary judgment in favor of North River Insurance Company (North River). The district court found that coverage for an underlying products liability action against Sears was excluded under the North River policy. We have jurisdiction[1] and we reverse.
 
 STATEMENT OF CASE
 
 3
 North River brought this action seeking a declaratory judgment that it was not obligated under its insurance policy to pay the costs of defending and indemnifying Sears in the underlying products liability action, Markuszewski v. Sears, Roebuck & Co., No. 538152 (Cal.Super.Ct.1984). The Markuszewski action was a wrongful death suit brought by the family of Leon Markuszewski who was killed when a chain saw he was using "kicked back" and severed an artery. The chain saw was originally manufactured by Singer Company, North River's insured, and was sold to Markuszewski by Sears. In a Contract of Purchase for the saws, Singer agreed to add Sears as an insured under its North River products liability policy. The saw was originally sold to Sears in 1971. Then, an unknown third party purchased or acquired the saw and later returned it to Sears. Sears "reconditioned" the saw and sold it to Markuszewski for $29.99 in 1981. North River defended the suit against Sears, and settled the Markuszewski action for $350,000 under a reservation of rights.
 
 
 4
 North River then brought this action seeking to recoup the money it paid for the settlement. Sears and North River filed cross-motions for summary judgment. On March 5, 1991, the district court granted North River's motion for summary judgment on the ground that Sears was not an "additional insured" under the policy because it was a vendor which had "repacked" Singer's product.[2] The court denied North River's motion seeking reimbursement for the costs of defending Sears in the underlying action.
 
 DISCUSSION
 
 5
 The district court erred in granting summary judgment in favor of North River on the basis that the "repacking" exclusion prevented coverage for the underlying products liability action.
 
 
 6
 The operative language is contained in Part II(B)(3)(f) of the North River insurance policy which extends coverage to "additional Insureds."
 
 
 7
 The unqualified word "insured" wherever used in this policy includes ... [t]he additional Insureds named below but only with respect to liability arising out of any acts done on behalf of an Insured or which may arise out of operations of an Insured:
 
 
 8
 (f) To vendors with respect to the distribution or sale of an Insured's products by such vendor, except that the insurance does not apply to any such vendor who 1) changes the condition of the products; or 2) repacks such products; or 3) performs any demonstration, installation, servicing or repair operations in connection with such products away from the vendor's premises....
 
 
 9
 While the Certificate of Insurance contains different language, it is not the operative agreement. The certificate clearly states on its face: "This certificate of insurance neither affirmatively nor negatively amends, extends or alters the coverage afforded by any policy described herein." It also states that the insurance is "subject to all the terms of such policies." The Singer insurance policy # GLA 447846 is cited in the certificate. Therefore, the certificate language does not change the operative language of the policy.
 
 
 10
 North River failed to meet its burden of proving the applicability of the exclusion to Sears. See State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 321 (9th Cir.1989).[3] The facts brought out in the cross-motions for summary judgment include the following. The parties stipulated that the product originally consisted of the chain saw, owner's manual, warranty information, cardboard box container, and wrapping. The saw sold to Markuszewski was a used, reconditioned chain saw that was not in its original package. Sears "reconditioned" the used electric chain saw. "Reconditioned" is generally defined by Sears in its policy manual as "a used product which has been carefully inspected and any necessary steps taken, including cleaning, adjusting, replacement of worn or non-functioning parts, etc., to assure that the item is in satisfactory working condition when re-sold." The used saw sold to Markuszewski did not come with any manuals or product literature. These facts do not demonstrate that the saw was repacked.
 
 
 11
 On appeal, North River concedes that if the saw were simply placed on a shelf with no packaging at all it would not be considered repacked. However, the only fact before the district court was that the saw was not in its original package. At most, North River indicated that it had no facts to show that there was repackaging of the product.
 
 
 12
 Given this, the summary judgment based on repacking cannot stand.[4]
 
 
 13
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notice of appeal is timely. A valid amended notice of appeal raising both the summary judgment and the prejudgment interest claims was filed on August 23, 1991. This notice amends the timely notice of appeal of July 11, 1991, and does not relate to the first notice of appeal on April 1, 1991, which was dismissed by this court. Cf. Trinidad Corp. v. Maru, 781 F.2d 1360, 1361-62 (9th Cir.1986)
 
 
 [2]
 Language in the district court's decision suggests that the court might have thought that the condition of the saw had been changed. However, on appeal North River, in effect, concedes that the judgment cannot be supported on that ground
 
 
 [3]
 We will not consider North River's argument that the "additional insured" provision of 3(f) is a coverage provision rather than an exclusion. North River failed to raise this issue in the district court and thus has waived it on appeal. See United States v. Smith, 924 F.2d 889, 893 (9th Cir.1991). However, other cases have construed similar vendor endorsement provisions as exclusions. Sears, Roebuck & Co. v. Reliance Ins. Co., 654 F.2d 494, 496 (7th Cir.1981) (changed condition, repacking, and relabeling provisions); see also Oliver Machinery Co. v. United States Fidelity and Guar. Co., 187 Cal.App.3d 1510, 1514, 232 Cal.Rptr. 691 (1986) (relabeling provision)
 
 
 [4]
 Given our decision regarding repacking, we need not consider Sears' additional argument--not discussed by the district court--that the injury must be connected to Sears' own acts. We observe, however, that the policy has no such language and cases which have imposed that requirement construed policies which have "arising out of" language similar to that in the certificate in this case. See e.g., Reliance, 654 F.2d at 497-98; Sears, Roebuck & Co. v. Employers Ins. of Wausau, 585 F.Supp. 739, 745 (N.D.Ill.1983)