**SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,**

**and**

**Maxine Marshall, et al., Creditors,**

**v.**

**ALLIANCE LEASING CORPORATION;,**
**Defendant,**

**US Trustee, et al., Trustees,**

**Charles BROWNE;, Defendant-counter-defendant,**

**Susan Browne, et al., Defendants-counter-claimants,**

**and**

**Prime Atlantic, Inc., et al., Defendant-counter-defendant—Appellants.**

**Securities and Exchange Commission, Plaintiff—Appellant,**

**and**

**Maxine Marshall, et al., Creditors,**

**v.**

**Alliance Leasing Corporation;,**
**Defendant,**

**US Trustee, et al., Trustees,**

**Charles Browne;, Defendant-counter-defendant,**

**Susan Browne, et al., Defendants-counter-claimants,**

**and**

**Prime Atlantic, Inc., et al., Defendant-counter-defendant—Appellees.**

Securities and Exchange Commission,
Plaintiff—Appellee,

and

Maxine Marshall, et al., Creditors,

v.

Alliance Leasing Corporation;,
Defendant,

US Trustee, et al., Trustees,

Charles Browne;, Defendant-
counter-defendant,

Susan Browne, et al., Defendants-
counter-claimants,

and

Prime Atlantic, Inc., et al., Defendant-
counter-defendant—Appellants.

Nos. 00–56019, 00–56058, 00–56630.
D.C. No. CV–98–01810–NAJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Jan. 3, 2002.

Before PREGERSON, REINHARDT and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Prime Atlantic, Inc., David Halsey and Braccus Giavanno appeal the district court's grant of summary judgment for the SEC in the SEC's securities fraud action arising out of the sale of investments in an equipment leasing program offered by Alliance Leasing Corporation and marketed by Prime Atlantic, Halsey, and Giavanno. The SEC cross-appeals the district court's denial of the SEC's request for a permanent injunction against appellants.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *Koch v. Hankins,* 928 F.2d 1471, 1475 (9th Cir.1991). We affirm.

■ The appellants argue that the district court lacked jurisdiction to enter the amended order and judgment. We review de novo the district court's exercise of subject matter jurisdiction. *Natural Res. Def. Council, Inc., v. Southwest Marine Inc.,* 242 F.3d 1163, 1166 (9th Cir. 2001). The district court had the authority to disregard the technical local rule and consider the Rule 59 motion timely filed under Fed.R.Civ.P. 59(b). The notices of appeal filed before disposition of the timely Rule 59 motion did not divest the district court of jurisdiction. Fed. R.App. P. 4(a)(4); *Tripati v. Henman,* 845 F.2d 205, 206 (9th Cir.1988) (per curiam); *Trinidad Corp. v. Maru,* 781 F.2d 1360, 1361–62 (9th

Cir.1986). Thus, we have jurisdiction to consider the amended judgment.

■ The appellants argue that the district court erred in holding that the investments were "investment contract" securities under 15 U.S.C. §§ 77b(a)(1) and 78c(a)(1). We review de novo the district court's determination that the leasing investments constituted investment contracts. *S.E.C. v. Goldfield Deep Mines Co. of Nevada,* 758 F.2d 459, 463 (9th Cir.1985). An investment contract is (1) an investment of money (2) in a common enterprise, evidenced by either vertical or horizontal pooling, (3) with the expectation of profits produced by the efforts of others. *S.E.C. v. W.J. Howey Co.,* 328 U.S. 293, 298–99, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946); *Hocking v. Dubois,* 885 F.2d 1449, 1455 (9th Cir.1989) (en banc). Appellants contest only the second and third elements.

The undisputed facts establish that both elements existed in this case. A common enterprise existed because Alliance pooled investors' interests and Alliance and the investors shared profits. *S.E.C. v. R.G. Reynolds Enters. Inc.,* 952 F.2d 1125, 1130–34 (9th Cir.1991). The expectation of profits arose from the efforts of Alliance, not the investors. The first investment agreement gave investors no control over the investments. To the extent that the second investment agreement gave the investors theoretical control over leases, the undisputed facts establish that the investors did not exercise any control. *Hocking,* 885 F.2d at 1460–61; *Koch,* 928 F.2d at 1478.

■ The appellants argue that the existence of disputed facts about whether they believed that the leasing program was a security and whether they relied in good

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

faith on their attorneys' advice bear on scienter and preclude summary judgment. However, whether or not the appellants believed that the investment program was a security is not material to scienter. Scienter addresses whether the defendants knowingly or recklessly engaged in a deception. *Hollinger v. Titan Capital Corp.,* 914 F.2d 1564, 1569 (9th Cir.1990). Thus, any issue of fact regarding whether the Prime Atlantic defendants knew the investments were securities was not material to whether failure to disclose the 30% commission was reckless. Moreover, good faith reliance on advice of counsel is not a defense to allegations of scienter; rather, in this case good faith reliance is relevant only to the question of whether a permanent injunction is warranted. *Goldfield Deep Mines Co. of Nevada,* 758 F.2d at 467.

■ The appellants argue that the district court erred in holding that failure to disclose the 30% commission was material as a matter of law to the investor's assessment of the strength of the potential investment. We agree with the district court that the 30% commissions were "so obviously important to an investor, that reasonable minds cannot differ on the question of materiality." *TSC Indus. Inc., v. Northway, Inc.,* 426 U.S. 438, 450, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976); *Provenz v. Miller,* 102 F.3d 1478, 1489 (9th Cir. 1996).

■ The appellants argue that the SEC failed to establish that investors relied on the misrepresentation regarding the amount of the commission. However, the SEC, unlike a private plaintiff, is not required to establish reliance for a § 10b or Rule 10b–5 securities fraud action. *S.E.C. v. Rana Research Inc.,* 8 F.3d 1358, 1363–64 (9th Cir.1993).

■ The appellants argue that the district court improperly calculated the amounts of disgorgement. We review an order of disgorgement for an abuse of discretion. *S.E.C. v. Colello,* 139 F.3d 674, 675 (9th Cir.1998). Appellants argue that the district court should have reduced the disgorgement by the amounts investors recovered from Alliance in the bankruptcy proceeding. Disgorgement prevents unjust enrichment, requires return of ill-gotten gains and is independent of other remedies. The theory behind disgorgement is deterrence, not compensation. *S.E.C. v. Rind,* 991 F.2d 1486, 1490 (9th Cir.1993); *Hateley v. S.E.C.,* 8 F.3d 653, 655 (9th Cir.1993). Appellants should not be allowed to keep ill-gotten gains merely because the investors recovered some of the money from Alliance in the bankruptcy proceeding.

■ The appellants also argue that Prime Atlantic's money frozen by the SEC should be credited towards Halsey's and Giavanno's disgorgement because, they allege, they were subject to tax liability as if they had received the money as income. However, appellants came forward with no evidence to support their claim or, even if true, their entitlement to a credit against their disgorgement obligation.

Appellants argue that the district court should have reduced the disgorgement by the commissions Prime Atlantic paid to its sales representatives. The district court properly reduced the disgorgement by fifteen percent, the amount of commissions paid to the independent contractors. *Hateley,* 8 F.3d at 653 (the proper disgorgement amount is the amount of commissions retained by Prime Atlantic, rather than the total amount received).

■ The appellants argue that the district court erred in ordering the maximum civil penalties and interest in the absence of evidence that they engaged in bad-faith, fraudulent or reckless conduct and in light of their good faith defense. This argu-

ment fails because the undisputed facts established that the appellants did engage in securities fraud by recklessly failing to disclose 30% commissions to investors. The district court did not abuse its discretion in ordering the defendants to pay civil penalties authorized by the statute. 15 U.S.C. §§ 77t(d)(2)(C) and 78u(d)(3) (1997).

The SEC argues that the district court abused its discretion in declining to enjoin the appellants from future violations. We review a district court's denial of permanent injunctive relief for an abuse of discretion. *Goldfield Deep Mines Co. of Nevada,* 758 F.2d at 465. The district court considered the relevant factors and concluded that the factors did not justify a permanent injunction because three factors weighed against relief. The district court did not abuse its discretion in denying a permanent injunction. *S.E.C. v. Murphy,* 626 F.2d 633, 655 (9th Cir.1980); *Goldfield Deep Mines Co. of Nevada,* 758 F.2d at 467.

AFFIRMED.