**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSICA LUNDQUIST, | No.   21-55908 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-04980-FMO-AS |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM<sup>*</sup> |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted May 10, 2022
Pasadena, California

Before:  WATFORD and FRIEDLAND, Circuit Judges, and ROBRENO,<sup>**</sup> District Judge.

Jessica Lundquist appeals from the district court's order granting

defendants' motions to dismiss her claims under the Federal Tort Claims Act

(FTCA) and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388

---

         *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **      The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

(1971). We dismiss the appeal for lack of jurisdiction.

Lundquist concedes that the district court's July 27, 2021, order granting defendants' motions to dismiss was not a final, appealable order when Lundquist filed her original notice of appeal because the court dismissed the FTCA claims without prejudice. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). She contends, however, that the July 27 order was "made final" by the district court's September 2, 2021, order dismissing the action for "failure to comply with a court order and failure to prosecute."[1] But the September 2 dismissal for failure to prosecute did not finalize the July 27 order; it provided an independent basis for disposing of the action. *See Ash v. Cvetkov*, 739 F.2d 493, 498 (9th Cir. 1984) (holding that nonfinal rulings, such as the July 27 order, "do not merge into a judgment of dismissal without prejudice for failure to prosecute").

The amended notice of appeal that Lundquist filed on September 3, 2021, could not cure the defects in the original notice. Even though the September 2 order was undoubtedly final, "a notice of appeal that is void at the outset cannot by

---

[1] Characterizing the district court's ruling as a dismissal for failure to comply with a court order is "somewhat problematic" because the court did not explicitly order Lundquist to file an amended complaint. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 n.4 (9th Cir. 1999). Since our analysis does not change depending on whether the September 2 dismissal was for failure to comply with a court order or failure to prosecute, we refer to it as a dismissal for failure to prosecute. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (noting that a court must weigh the same factors whether a dismissal is for failure to prosecute or for failure to comply with a court order).

amendment become anything other than void." *Trinidad Corp. v. Maru*, 781 F.2d 1360, 1362 (9th Cir. 1986) (per curiam). We do have discretion to construe an amended notice of appeal as a request to docket a new appeal, *id.*, but we decline to do so because Lundquist has not shown that the district court abused its discretion in dismissing for failure to prosecute.

The district court appropriately identified and applied the five factors it was required to consider before dismissing for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

As to the first two factors, "[d]istrict judges are best situated to decide when delay in a particular case interferes with docket management and the public interest." *Ash*, 739 F.2d at 496. Although Lundquist's period of inactivity between the July 27 order and her August 20, 2021, notice of appeal was less than four weeks, we have previously deferred to a district court's judgment that such a delay was unreasonable. *See id.* Moreover, the district court had already dismissed Lundquist's original complaint because she failed to file an opposition to defendants' initial motions to dismiss. In these circumstances, we cannot say that

the district court erred in determining that the first two factors favor dismissal.

The third factor, the risk of prejudice to the defendants, also favors dismissal. Although further delay in this action would not obviously prejudice the defendants, there is a "rebuttable presumption of prejudice" to defendants from a plaintiff's unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994). Here, Lundquist offers no evidence to rebut the presumption of prejudice.

While the fourth factor, the availability of less drastic alternatives, is a close question, it ultimately favors dismissal as well. The district court could have simply converted its dismissal of the FTCA claims to a dismissal with prejudice and then entered judgment. Nonetheless, the court's warning to Lundquist that failure to file a timely amended complaint would result in dismissal can suffice under the fourth factor. *See Ferdik*, 963 F.2d at 1262. Furthermore, the district court had previously taken the less drastic approach of dismissing the original complaint with leave to amend after Lundquist failed to respond to defendants' motions to dismiss.

The district court correctly found that the fifth factor, the public policy favoring disposition on the merits, does not support dismissal.

Because four of the five factors favor dismissal, we cannot conclude that the district court abused its discretion in dismissing the action for failure to prosecute. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

**DISMISSED.**