NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSEPH ANORUO,

        Appellant,

  v.

WILMINGTON SAVINGS FUND
SOCIETY, FSB; UNITED STATES
TRUSTEE,

        Appellees.

No. 24-589

D.C. No. 2:23-cv-00937-CDS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted July 15, 2025[**]

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

     Chapter 7 debtor Joseph Anoruo appeals pro se from the district court's

order dismissing for lack of jurisdiction his appeal from various orders in his

bankruptcy and adversary proceedings. We have jurisdiction under 28 U.S.C.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 158(d)(1). We review de novo the timeliness of a notice of appeal from the bankruptcy court to the district court. *In re Delaney*, 29 F.3d 516, 517-18 (9th Cir. 1994). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part and dismiss in part.

The district court properly dismissed Anoruo's appeal of the bankruptcy court's order granting Wilmington's motion for relief from the automatic stay because Anoruo filed the notice of appeal more than 14 days after the order was entered. *See* Fed. R. Bankr. P. 8002(a)(1), 9022(a)(2) (setting forth 14-day deadline to file notice of appeal; stating that lack of notice of the entry of an order does not relieve a party for failing to appeal timely); *In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) (characterizing the appeal deadline as "mandatory and jurisdictional"); *Delaney*, 29 F.3d at 518 ("Parties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Anoruo's motion for rehearing of its order to the extent it concerned relief from the automatic stay because Anoruo failed to demonstrate any basis for relief. *See United States v. Fowler (In re Fowler)*, 394 F.3d 1208, 1214-15 (9th Cir. 2005) (setting forth standard of review and grounds for rehearing).

We dismiss as moot Anoruo's appeal of the one-year filing bar because

more than one year has passed since its entry and it is no longer in effect. *See In re Castaic Partners II, LLC*, 823 F.3d 966, 968-69 (9th Cir. 2016) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." (citation and internal quotation marks omitted)); *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009) (setting forth standard of review).

The district court dismissed as untimely Anoruo's appeal from the bankruptcy court's order dismissing his adversary proceeding and denied Anoruo's subsequent motion for rehearing of the district court's dismissal. However, Anoruo's notice of appeal filed on July 25, 2023, timely appealed the bankruptcy court's order. *See Trinidad Corp. v. Maru*, 781 F.2d 1360, 1362 (9th Cir. 1986) (treating a document improperly titled as a "second amended notice of appeal" as a new notice of appeal). Nonetheless, the bankruptcy court's order declining to retain jurisdiction over Anoruo's adversary proceeding was not an abuse of discretion because Anoruo filed the adversary proceeding alleging largely state law claims three weeks after the bankruptcy court indicated it would dismiss Anoruo's bankruptcy petition and the bankruptcy court entered a written order dismissing the bankruptcy five days after the adversary proceeding was filed. *See Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992) (setting forth the standard of review and explaining that the bankruptcy court may decide

whether to retain jurisdiction over a related proceeding after dismissal of the bankruptcy case, subject to considerations of judicial economy, fairness, convenience, and comity); *see also Blixseth v. Credit Suisse*, 961 F.3d 1074, 1081 (9th Cir. 2020) ("We are in as good a position to review the bankruptcy court's decision as is the district court." (citation omitted)).

Anoruo's allegations of bias and collusion by the bankruptcy court are unsupported by the record.

**AFFIRMED in part, DISMISSED in part.**