**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE BAKER, | No. 20-16218 |
| Plaintiff-Appellant, | D.C. Nos.   3:13-cv-08169-SPL |
| v. |                3:13-cv-08193-SPL |
| MIDLAND FUNDING, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted September 14, 2021**

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Christine Baker appeals pro se from the district court's judgment dismissing

her action alleging claims under the Fair Credit Reporting Act and the Fair Debt

Collection Practices Act.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion.  *In re Phenylpropanolamine (PPA) Prods. Liab.*

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Litig.*, 460 F.3d 1217, 1233-34 (9th Cir. 2006) (dismissal as a sanction under Fed. R. Civ. P. 37); *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984) (dismissal for failure to prosecute). We affirm.

The district court did not abuse its discretion by dismissing Baker's action for failure to prosecute after Baker failed to attend her deposition. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (setting forth five-factor test to be considered before dismissing for failure to prosecute); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (same five factors for dismissal under Rule 37); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (although "dismissal is a harsh penalty," the district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citation and internal quotation marks omitted)).

In light of our disposition, we do not consider Baker's challenge to the district court's interlocutory orders. *See Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) ("[I]nterlocutory orders, generally appealable after final judgment, are not appealable after a dismissal for failure to prosecute, whether the failure to prosecute is purposeful or is a result of negligence or mistake." (citation and internal quotation marks omitted)).

**AFFIRMED.**

20-16218