**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  IVAN RENE MOORE, | No. 21-56151 |
| Debtor, | D.C. No. 2:20-cv-10980-FMO |
| _____ | |
| IVAN RENE MOORE, | MEMORANDUM* |
| Appellant, | |
| v. | |
| WELLS FARGO BANK, N.A.; RONALD HILLS; DEVRA ALLEN, | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Ivan Rene Moore appeals pro se from the district court's judgment dismissing his bankruptcy appeal for failure to prosecute. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review for an abuse of discretion. *Ash v. Cvetkov*, 739 F.2d 493, 495 (9th Cir. 1984). We affirm.

The district court did not abuse its discretion by dismissing Moore's appeal after Moore failed to file the documents required by Federal Rule of Bankruptcy Procedure 8009 in a timely manner. *See* Fed. Bankr. R. 8003(a)(2) (an appellant's failure to take steps required to prosecute an appeal, other than the timely filing of a notice of appeal, may be grounds for sanctions, including dismissal); *Pagtalunan v. Galaza*, 291 F.3d 639, 640-43 (9th Cir. 2002) (discussing factors to be considered before dismissing a case for failure to prosecute; a district court's dismissal should not be disturbed absent "a definite and firm conviction" that it "committed a clear error of judgment" (citations and internal quotation marks omitted)); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (this court may review the record independently if the district court does not make explicit findings to show its consideration of the factors).

We reject as meritless Moore's contention that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments or allegations raised for the first time on appeal.

*See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**